IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WHB BILTMORE, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.:01:23-cv-6849 |
| | ) |
| HIGHGATE HOTELS, L.P, | ) |
| | ) |
| Defendant. | ) |

**[PROPOSED] ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER**

Upon the accompanying Memorandum of Law, the Declarations of Kit Sung Yam and Alex DeCarvalho, executed the day of August 3, 2023, together with the exhibits thereto, and upon all of the pleadings and proceedings had herein, it is

**ORDERED**, that the above named defendant show cause before a motion term of this Court, at Room _____, United States Courthouse, 500 Pearl Street, in the City, County and State of New York, on _____ _____, _____, at _____ o'clock in the _____noon thereof, or as soon thereafter as counsel may be heard, why an order should not be issued pursuant to Rule 65 of the Federal Rules of Civil Procedure: (a) enjoining Defendant Highgate Hotels, L.P. ("Highgate" or "Defendant") during the pendency of this action from exercising possession or control over any personal property, real property, intellectual property records, bank accounts, and other tangible assets belonging to WHB Biltmore, LLC ("Biltmore Owner") or Millennium & Copthorne International Limited (the "Registrant") (together, "Plaintiffs"); (b) enjoining Defendant from holding itself as the operator of the Millennium Biltmore Hotel Los Angeles ("Biltmore Hotel") or as being affiliated with the Biltmore Hotel; (c) enjoining Defendant from any commercial activity whatsoever in connection with any of

1

Plaintiffs' intellectual property, including the trademarks "Millennium Biltmore Hotel," "The Biltmore," and all other trademarks relating to Millennium and/or the Biltmore Hotel; (d) enjoining Defendant from entering or exercising control over the Biltmore Hotel premises, without express prior consent from Biltmore Owner; (e) enjoining Defendant from interfering with Biltmore Owner's immediate access, supervision, and control over all aspects of management, operations, facilities, and premises of the Biltmore Hotel; (f) enjoining Defendant from using, transferring, or exercising control of any Biltmore Owner personal property, without express prior consent from Biltmore Owner; (g) enjoining Defendant from interfering with or exercising control over employees of the Biltmore Hotel, including without limitation any act to interfere with notice to unionized employees at the Biltmore Hotel that Biltmore Owner is a successor employer; (h) enjoining Defendant from causing any transfers from any bank accounts owned by Biltmore Owner or that were opened or used in connection with the operation of the Biltmore Hotel; (i) enjoining Defendant from removing any real property, fixtures, or personal property from the Biltmore Hotel without express prior consent from Biltmore Owner; (j) enjoining Defendant and its principals, attorneys, and agents from staying or purchasing rooms at the Biltmore Hotel or directing anyone else to do so without express prior consent of Biltmore Owner; (k) requiring Defendant to immediately turnover possession and control of all personal property, real property, intellectual property records, bank accounts, and other tangible assets belonging to Plaintiffs; (l) requiring Defendant to preserve all personnel, accounting, financial, and other business records as they are maintained in the ordinary course and barring defendant from engaging in any conduct that it knows or reasonably should know could cause disruption or financial harm; and (m) requiring Defendant's cooperation with Biltmore Owner to effectuate the expeditious transition of management functions of the Biltmore Hotel to Biltmore Owner, including the following

obligations of Defendant: (i) delivering all books, records and documents, including all Hotel Guest Data (to the extent permitted pursuant to Legal Requirements); (ii) making computer and software systems available to accomplish a smooth transition; (iii) transferring all assignable permits, licenses and governmental rights; (iv) with respect to other permits and licenses, entering into transition agreements in mutually agreeable form that permit the continuing operation of the Hotel; (v) removing all of Highgate's signage and identifying trademarks; (vi) transferring and assigning all service and supply contracts, in the name of Highgate, which are transferable; (vii) notifying customers and those with bookings; (viii) delivering all cash, accounts and other property of Biltmore Owner, less a reasonable reserve amount, determined by Highgate and duly notified to Biltmore Owner, in writing, for accrued and estimated contingent liabilities and estimated outstanding insurance claims or obligations; and (ix) providing financial statements through the date of termination;  and it is further

**ORDERED** that, sufficient reason having been shown therefor, pending the hearing of Plaintiffs' application for a preliminary injunction, pursuant to Rule 65, Fed. R. Civ. P., the Defendant is temporarily restrained and enjoined from: (a) exercising possession or control over any personal property, real property, intellectual property records, bank accounts, and other tangible assets belonging to Plaintiffs; (b) holding itself as the operator of the Biltmore Hotel or as being affiliated with the Biltmore Hotel; (c) engaging in any commercial activity whatsoever in connection with any of Plaintiffs' intellectual property, including the trademarks "Millennium Biltmore Hotel," "The Biltmore," and all other trademarks relating to Millennium and/or the Biltmore Hotel; (d) entering or exercising control over the Biltmore Hotel premises, without express prior consent from Biltmore Owner; (e) interfering with Biltmore Owner's immediate access, supervision, and control over all aspects of management, operations, facilities, and

premises of the Biltmore Hotel; (f) using, transferring, or exercising control of any Biltmore Owner personal property, without express prior consent from Biltmore Owner; (g) interfering with or exercising control over employees of the Biltmore Hotel, including without limitation any act to interfere with notice to unionized employees at the Biltmore Hotel that Biltmore Owner is a successor employer; (h) causing any transfers from any bank accounts owned by Biltmore Owner or that were opened or used in connection with the operation of the Biltmore Hotel; (i) removing any real property, fixtures, or personal property from the Biltmore Hotel without express prior consent from Biltmore Owner; (j) having any of its principals, attorneys, and agents stay or purchase rooms at the Biltmore Hotel or directing anyone else to do so without express prior consent of Biltmore Owner; and Defendant is also, pending the hearing of Plaintiffs' application for a preliminary injunction, pursuant to Rule 65, Fed. R. Civ. P., required to: (k) immediately turnover possession and control of all personal property, real property, intellectual property records, bank accounts, and other tangible assets belonging to Plaintiffs; (l) preserve all personnel, accounting, financial, and other business records as they are maintained in the ordinary course and barring defendant from engaging in any conduct that it knows or reasonably should know could cause disruption or financial harm; and (m) cooperate with Biltmore Owner to effectuate the expeditious transition of management functions of the Biltmore Hotel to Biltmore Owner, including the following obligations of Defendant: (i) delivering all books, records and documents, including all Hotel Guest Data (to the extent permitted pursuant to Legal Requirements); (ii) making computer and software systems available to accomplish a smooth transition; (iii) transferring all assignable permits, licenses and governmental rights; (iv) with respect to other permits and licenses, entering into transition agreements in mutually agreeable form that permit the continuing operation of the Hotel; (v) removing all of Highgate's signage and identifying

trademarks; (vi) transferring and assigning all service and supply contracts, in the name of Highgate, which are transferable; (vii) notifying customers and those with bookings; (viii) delivering all cash, accounts and other property of Biltmore Owner, less a reasonable reserve amount, determined by Highgate and duly notified to Biltmore Owner, in writing, for accrued and estimated contingent liabilities and estimated outstanding insurance claims or obligations; and (ix) providing financial statements through the date of termination;  and it is further

**ORDERED** that security in the amount of $ be posted by the plaintiff prior to _____, _____ , at _____o'clock in the noon of that day; and it is further

**ORDERED** that personal service of a copy of this order and annexed affidavit upon the Defendant or its counsel on or before _____ o'clock in the _____noon, _____ , _____, shall be deemed good and sufficient service thereof.


DATED: New York, New York

ISSUED: _____


                                                _____
                                                         United States District Judge